37 F.3d 1505
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 James Francis IMPERIALE, Plaintiff-Appellant,
v.
PIERCE COUNTY, a municipal corporation, under the laws of
the State of Washington, Defendant-Appellee.
 No. 93-35013.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted June 8, 1994.
Decided Sept. 28, 1994.
 
 Before: POOLE, BRUNETTI, and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Although appellant has asserted a broad range of claims against all four defendants in this 42 U.S.C. Sec. 1983 action, his case stands or falls on his Fourth Amendment challenge to Deputy Sheriff Thrash's initial warrantless entry. We hold that the district court did not err in granting Thrash qualified immunity, because a reasonable officer could have believed this entry into Imperiale's house to be lawful in light of clearly established law as of August 1989. We therefore affirm.
 
 Standard of Review
 
 3
 We review de novo the district court's decision to grant or deny summary judgment based upon qualified immunity. Sepulveda v. Ramirez, 967 F.2d 1413, 1415 (9th Cir.1992), cert. denied, 114 S.Ct. 342 (1993).
 
 Discussion
 
 4
 Imperiale claims that the state district court's final judgment on the merits of his unlawful entry claim should have precluded Thrash from relitigating the issue of whether his conduct had violated Imperiale's Fourth Amendment rights. Irrespective of whether Imperiale's interpretation of Washington law on this point is correct, however, it is irrelevant. Thrash's defense of qualified immunity was not litigated in the state court suppression hearing.
 
 
 5
 Qualified immunity analysis begins with the Supreme Court's opinion in Anderson v. Creighton, 483 U.S. 635 (1987). Anderson dictates that we decide "whether a reasonable officer could have believed [Thrash's] warrantless [entry] to be lawful, in light of clearly established law and the information [Thrash] possessed." Id. at 641. This analysis thus requires considerable particularity with respect to established law, and not merely "an assertion that a general right [Thrash] was alleged to have violated--the right to be free from warrantless searches of one's home unless the searching officers have probable cause and there are exigent circumstances--was clearly established." Id. at 640; see also Backlund v. Barnhart, 778 F.2d 1386, 1389 (9th Cir.1985) ("[T]he plaintiff must show that the particular facts of his case support a claim of clearly established right.") (emphasis in original). Qualified immunity extends to " 'all but the plainly incompetent or those who knowingly violate the law.' " Hunter v. Bryant, 502 U.S. 224, ----, 112 S.Ct. 534, 537 (1991) (quoting Malley v. Briggs, 475 U.S. 335, 341 (1986)).
 
 
 6
 Under this standard, Thrash is entitled to qualified immunity on the basis of the knowledge he himself possessed at the time of the entry. He was aware that, only minutes before, someone in appellant's residence (and not an anonymous tipster) had made two emergency 911 calls to the police in quick succession. The caller reported that a man in the residence had drawn a gun and begun making threats, and that a physical struggle had ensued. When Thrash arrived, he received immediate confirmation that the 911 calls had come from appellant's residence: one of the occupants was waiting expectantly outside for him.
 
 
 7
 At the time, the law was not clearly established that such circumstances did not present an exception to the warrant requirement on the basis of probable cause and exigent circumstances. Appellant relies heavily on our decision in Hopkins v. City of Sierra Vista, 931 F.2d 524 (9th Cir.1991), for the proposition that "an uncorroborated 911 call" cannot establish probable cause and exigent circumstances. Of course, Hopkins came down nearly two years after the incident at issue here, such that it did not form part of the "clearly established" law under which Thrash worked. Moreover, the caller in that case was an anonymous tipster and there was no report of a deadly weapon. Id. at 525.
 
 
 8
 Appellant does not cite nor have we located, see Elder v. Holloway, 114 S.Ct. 1019 (1994), any factually analogous decisions published prior to August 1989 which would support appellant's claim of a clearly established right. We conclude that, at a minimum, on these facts "there is a legitimate question whether an exception to the warrant requirement exists," and thus we hold that Thrash could reasonably have believed that his conduct was lawful. See Mitchell v. Forsyth, 472 U.S. 511, 535 n. 12 (1985); Anderson, 483 U.S. at 640. The grant of qualified immunity to Thrash represents a complete defense from suit on appellant's Fourth Amendment claim.
 
 
 9
 We have considered all of appellant's arguments. To the extent not discussed here, any other claims or contentions have been considered and rejected.
 
 
 10
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3